# HAMPTON PLAZA JOINT VENTURE, INC. *v.* CLERK, CIRCUIT COURT FOR BALTIMORE COUNTY

[No. 1206, September Term, 1982.]

*Decided June 8, 1983.*

The cause was argued before LOWE and WILNER, JJ., and JAMES C. MORTON, JR., Associate Judge of the Court of Special Appeals (retired), specially assigned.

*Arnold Fleischmann,* with whom was *Lawrence I. Weisman* on the brief, for appellant.

*Kenneth B. Frank, Special Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General,* and *Catherine M. Shultz, Assistant Attorney General,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

This is an appeal by Hampton Plaza Joint Venture, Inc. (appellant) from an order entered in the Circuit Court for Baltimore County by Judge Cullen H. Hormes affirming the decision of the Maryland Tax Court that the action of the Clerk of the Circuit Court for Baltimore County in denying appellant's claim for a refund of recordation taxes was correct, as well as the Clerk's assessment of appellant for additional recordation taxes.

In this appeal appellant contends that the Circuit Court erred in affirming the decision of the Maryland Tax Court.

The case reaches this Court on the following stipulation of facts:

"1. On August 4, 1969, three deeds of trust dated July 31, 1969, in their respective face amounts of $12,825,000.00 ('Deed of Trust No. 1'), $1,925,000.00 ('Deed of Trust No. 2'), and $175,000.00 ('Deed of Trust No. 3') between borrower, Hampton Plaza Joint Venture (HPJV), and the Trustees designated by Maryland National Bank (MNB), were recorded in the Land Records of

Baltimore County. Recordation tax was paid on $13,000,000.00, the total amount disbursed representing the full face amounts of Deeds of Trust Nos. 2 and 3, and $10,900,000.00, the amount actually disbursed under Deed of Trust No. 1.

2. On July 21, 1971, Metropolitan Life Insurance Company (Met) purchased MNB Note for $10,900,000.00, which was secured by Deed of Trust No. 1. MNB's Note for $1,925,000.00, secured by Deed of Trust No. 2 was purchased by Westinghouse Credit Corporation (WCC) and MNB's Note for $175,000.00, secured by Deed of Trust No. 3, was purchased by Weaver Brothers, Inc., now Chesapeake Financial Corporation (CFC).

3. On July 25, 1972, Cousins Mortgage and Equity Investment (CMEI) purchased from WCC and CFC the Notes secured by Deeds of Trust No. 2 ($1,925,000.00) and 3 ($175,000.00) which totaled $2,100,000.00, and advanced to HPJV the sum of $2,500,000.00, which was secured by a new Deed of Trust ('Deed of Trust No. 4'). Recordation tax was paid on $2,500,000.00 in the sum of $8,250.00 (the full face amount of Deed of Trust No. 4) making the total encumbrances of HPJV $15,500,000.00.

4. On April 4, 1974, Met disbursed to CMEI by wire the remaining $1,925,000.00 which was theretofore the undisbursed proceeds of Deed of Trust No. 1, which proceeds were applied toward the partial reduction of an indebtedness secured by three deeds of trust (Deed of Trust No. 2, Deed of Trust No. 3, and Deed of Trust No. 4) as consolidated by a Consolidation and Modification Agreement dated July 25, 1972. The total indebtedness of HPJV (petitioner herein) remained unchanged. No recordation tax was paid on the disbursement by Met. Liability for recordation tax for this disbursement is at issue in this Petition for Appeal.

5. On July 10, 1975, Deed of Trust No. 5 was executed and recorded. There was no change in the total indebtedness of HPJV. At the time of recording, recordation tax of $8,827.50 was paid under protest on Deed of Trust No. 5 on the full face amount of $2,675,000.00. Said proceeds, secured by Deed of Trust No. 5, were disbursed by Met to CMEI to pay off the balance due on notes secured by Deeds of Trust Nos. 2, 3, and 4, as consolidated by a Consolidation and Modification Agreement dated July 25, 1972. The disbursement was as follows: $2,375,000.00 was paid to CMEI at the date of recording of Deed of Trust No. 5, and the balance of $300,000.00 was held in escrow and paid to CMEI after 60 days. Liability for the payment of recordation tax on Deed of Trust No. 5 is at issue in this Petition for Appeal.

6. The parties stipulate to the genuineness and relevance of the following documents:

(a) Deed of Trust No. 1, dated July 31, 1969

(b) Deed of Trust No. 2, dated July 31, 1969

(c) Deed of Trust No. 3, dated July 31, 1969

(d) Deed of Trust No. 4, dated July 25, 1972

(e) Consolidation and Modification Agreement, dated July 25, 1972

(f) Deed of Trust No. 5, dated July 10, 1975

(g) Consolidation, Modification and Extension Agreement, dated July 10, 1975."

The appellant takes the position that it is entitled to a refund of the tax it paid under protest at the time Deed of Trust No. 5 was recorded because of the provisions of Md. Code Article 81, Section 277 (h) which provides:

"(H) *Supplemental instruments securing debt.* — No tax shall be required for the recordation of any instrument securing a debt that merely confirms, corrects, modifies or supplements an instrument previously recorded, or conveys or pledges property

in addition to, or in substitution for the property originally conveyed or pledged, if such supplemental instrument does not increase the amount of the debt secured by the instrument previously recorded."

Appellant argues that Deed of Trust No. 5 "simply supplemented and confirmed the consolidated Deeds of Trust numbers 2, 3, and 4. At the time of recordation of Deed of Trust number 5, there was no increase in the amount of indebtedness previously incurred by HPJV [appellant]."

The State, on the other hand, argues that Deed of Trust number 5 constituted a new transaction. It involved a new creditor, a new loan, and a new contractual relationship. The State asserts that for Section 277 (h) to support appellant's position, Deed of Trust number 5 would have to confirm, correct, modify, or supplement some instrument previously recorded. It points out that since the proceeds of Deed of Trust number 5 were used to pay off Deeds of Trust numbers 2, 3, and 4, Deed of Trust number 5 cannot be considered as supplemental to any of those instruments since Deed of Trust number 5 had the effect of extinguishing those instruments.

In our view, the State's position is sound and is supported by the Court of Appeals decision in *Hammond v. Phila. Elect. Pwr. Co.,* 192 Md. 179, 188 (1949) where the Court was construing a predecessor exemption statute to Section 277 (h). There the court said that:

"... in general it may be said that where there is a new creditor, a new loan and a new contract relationship, and where the old note holders and their debts are paid and these debts extinguished, where one mortgage is paid by a new agreement, even though the latter is made with the same mortgagee, the new agreement is taxable. 'There is a new transaction with a new tax.'" (citations omitted)

Moreover, Deed of Trust number 5 is not supplemental to Deed of Trust number 1, as appellant appears to argue, because, as we have just held, Deed of Trust number 5 is a new transaction and is therefore subject to the recordation tax. In any event, Section 277 (h) requires that the "supplemental instrument does not increase the amount of the debt secured by the instrument previously recorded." Deed of Trust number 5 obviously increased the amount of debt secured by Deed of Trust number 1.

Finally, we cannot subscribe to appellant's contention that because its over-all debt was not increased by Deed of Trust number 5 no recordation tax is due. We have found that Deed of Trust number 5 constituted a new transaction and whether the amount of appellant's over-all debt remained the same under the new transaction is simply an irrelevant factor.

Turning to the additional recordation tax imposed with respect to Deed of Trust number 1, we are of the view that the Circuit Court properly affirmed appellant's obligation to pay the additional tax.

According to the stipulation of facts the face amount of Deed of Trust number 1 was $12,825,000.00. However, a recordation tax was paid only on the sum of $10,900,000.00 because that was the amount advanced to appellant at the time Deed of Trust number 1 was recorded. This was in accordance with Maryland Code Article 81, Section 277 (k) which provides:

> "(k) *When total amount of debt to be secured has not been incurred.* — If the total amount of the debt which may become secured by any instrument securing a debt shall not have been incurred at the time such instrument is offered for record, the tax shall be computed solely in the principal amount of the debt then incurred and secured by such instrument. Before any additional debt is incurred which is to be secured by an instrument previously recorded, the debtor shall file with the clerks of the courts with which such instrument has been

> recorded a duly verified statement showing the amount of such additional debt and shall pay the tax with respect thereto upon, but only upon, the amount of such additional debt so secured . . . ."

On July 21, 1971, Metropolitan Life Insurance (Met) purchased the Maryland National Bank (MNB) Note for $10,900,000.00 which was secured by Deed of Trust number 1. On April 4, 1974, Met disbursed to the then holder of Deeds of Trust numbers 2, 3, and 4 the sum of $1,925,000.00 which constituted the undisbursed proceeds secured by Deed of Trust number 1 which proceeds were applied toward partial reduction of the appellant's indebtedness secured by Deeds of Trust numbers 2, 3, and 4. No recordation tax was paid on the disbursement by Met.[1] Appellant claims no such tax is due and payable because appellant's over-all indebtedness under the financing arrangement never exceeded $15,500,000.00 and it claims that recordation taxes have been paid on the instruments securing this total indebtedness.

The State argues that under the provisions of Section 277 (k) the obligation for an additional recordation tax is triggered when any "additional debt is incurred which is to be secured by an instrument previously recorded . . . ." Here the payment by Met of the $1,925,000.00, which was made for the benefit of the appellant, was an obligation secured by the previously recorded Deed of Trust number 1. Being guided by "the firmly established principle that exemptions from taxation are strictly construed in favor of the State," *Hammond, supra,* at p. 185, we are of the opinion that the provisions of Section 277 (k) mandate the imposition of the additional recordation tax which the Clerk of the Circuit Court for Baltimore County seeks. We hold that the Circuit Court correctly affirmed appellant's obligation for payment

---

1. The transactions are set forth in more detail in the stipulation of facts, supra.

of an additional recordation tax with respect to Deed of Trust number 1.

*Judgment affirmed.*
*Costs to be paid by appellant.*